# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**DANIEL JERRY GARCIA,**

    **Petitioner,**

vs.                                                  No. CIV 01-1065 JP/LCS

**ERASMO BRAVO,**

    **Respondent.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Respondent's Motion to Dismiss (Doc. 11), filed November 2, 2001. Petitioner has failed to respond to the Motion to Dismiss. The United States Magistrate Judge, having considered the Motion, memorandum, record, and applicable law, finds that the Motion is well-taken and recommends that it be **GRANTED**.

## PROPOSED FINDINGS

1. Petitioner is currently incarcerated and is proceeding *pro se* and *in forma pauperis*. Petitioner is confined pursuant to the Judgment, Partially Suspended Sentence and Commitment, dated September 16, 1996 in the case styled *State of New Mexico v. Garcia* and numbered CR 95-2474, 96-0219, 95-2474 Supplemental, Second Judicial District, County of Bernalillo, State of New Mexico. After he pleaded guilty to commercial burglary, receiving stolen property and breaking and entering, Petitioner was found to be an habitual offender with two prior felony convictions, and sentenced to eight and a half years incarceration, with four and a half years suspended, to be followed by four years and a half years of probation. (Answer, Ex. A.)

2. On April 2, 1999, the State filed a Motion to Revoke Probation and Impose Sentence.

(Answer, Ex. B.) On July 13, 2000, Petitioner's probation was revoked and he was sentenced to a total term of sixteen and a half years incarceration, with credit for four years previously served and 812 days for time served on probation, and 100 days suspended for a total term of incarceration of 3650 days. (*Id.*) Petitioner did not file a direct appeal.

3. On January 17, 2001, Petitioner filed a state Petition for a Writ of Habeas Corpus. (Answer, Ex. CI.) On March 30, 2001, the state district court denied the state Petition for a Writ of Habeas Corpus. (Answer, Ex. H.) On April 18, 2001, Petitioner filed a Petition for a Writ of Certiorari with the New Mexico Supreme Court. (Answer, Ex. I.) On July 18, 2001, the New Mexico Supreme Court denied Plaintiff's certiorari petition. (Answer, Ex. O.)

4. Petitioner filed his federal Petition on September 13, 2001. The Petition, filed within one year of the date the underlying conviction became final, is timely under 28 U.S.C. § 2244(d)(1). Respondent answered and filed his Motion to Dismiss on November 2, 2001. Petitioner has filed to respond to the Motion to Dismiss.

5. Petitioner raises the following grounds in support of his federal Petition:

   I. The district court used third conviction and imposed an additional eight years habitual time against his probation violation.

   II. The eight years of habitual sentence was and is unduly harsh and excessive.

   III. In violation of Amendments Five, Six, Eighth, and Fourteen of the United States Constitution and correlative passages of the New Mexico constitution and namely Article II, §15, along with NMSA 1978 §§ 30- 1-10 and 30-1-12, Petitioner was sentenced to a much more severe sentence after a valid sentence had been imposed in the first sentencing hearing.

6. Respondent has not raised the affirmative defense of failure to exhaust state remedies.

2

The exhaustion doctrine requires a state prisoner to fairly present his claims to the state courts before a federal court will examine them. *See Rose v. Lundy*, 455 U.S. 509, 519 (1982). The claims presented herein are substantially similar to the claims presented to the Supreme Court of New Mexico. (Answer, Ex. I.) Therefore, Petitioner has exhausted state remedies with respect to these claims. *See Picard v. Connor*, 404 U.S. 270, 275 (1971).

7. Respondent argues that Petitioner's claims do not implicate federal constitutional rights and Petitioner has failed to assert any facts that would call the constitutionality of his conviction into question. A federal habeas court is not a "super state supreme court." *Bowser v. Boggs*, 20 F. 3d 1060, 1064 (10th Cir. 1994)(*quoting Smith v. McCotter*, 786 F. 2d 697, 700 (5th Cir. 1996)). Accordingly, federal habeas corpus review is limited to federal constitutional or statutory law. *Lujan v. Tansy*, 2 F. 3d 1031, 1034 (10th Cir. 1993). I agree with Respondent's contention that Petitioner has failed to raise any questions of federal constitutional magnitude.

8. Petitioner's claims are based on his assumption that imposition of the habitual offender time when his probation was revoked violated the double jeopardy clause because he had already been sentenced. Petitioner overlooks the fact that the September 16, 1996 Judgment, Partially Suspended Sentence and Commitment, was based on a plea agreement executed on June 20, 1996. (Answer, Ex L.) The plea agreement provided that if Petitioner failed to perform any term of the agreement, he would be required to "serve a mandatory 8 year enhancement as to Count 1 and 3 of CR 95-02474, and Count 1 of CR 96-0219 to run consecutively to each other for a total of 20 years pursuant to the Habitual Offender Statute." (*Id.*) In accordance with the plea agreement, Petitioner was sentenced to four years on the habitual offender enhancement, with consecutive sentences for the underlying felonies suspended and a four-and-a-half-year term of probation following his release from

prison. (Answer, Ex. A.)

9. On April 2, 1999, the State moved to revoke his probation because Petitioner had violated its terms. (Answer, Ex. B.) On May 6, 1999, Petitioner admitted violating the terms of his probation. (*Id*.) On July 13, 2000, Petitioner's probation was revoked and he was sentenced to an additional ten years incarceration, ten years less than authorized by the plea agreement. (*Id*.)

10. Petitioner's probation was revoked and a sentence was imposed pursuant to the terms of the plea agreement. This is a proper procedure under New Mexico law. *See State v. Villalobos*, 126 N.M. 255, 258, 968 P.2d 766, 769 (1998). Federal habeas review is limited to whether a state court conviction violated the federal constitution. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Petitioner does not assert that the plea agreement was involuntary or somehow constitutionally invalid. Review of the record establishes that imposition of the enhanced sentence produced no federal constitutional violation.

11. The Petition fails to present a constitutionally cognizable claim. Accordingly, Respondent's Motion to Dismiss should be granted.

## RECOMMENDED DISPOSITION

I recommend that Respondent's Motion to Dismiss (Doc. 11), filed November 2, 2001, be **GRANTED** and that the Petition be **DISMISSED**.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that

party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**